[Cite as *State v. Dukes*, 2018-Ohio-3002.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,               CASE NO.  13-17-39

      v.

TONIA D. DUKES,                    O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Seneca County Common Pleas Court
Trial Court No. CRB 1701003

Judgment Affirmed

Date of Decision:   July 30, 2018

APPEARANCES:

    *W. Alex Smith* **for Appellant**

    *Richard H. Palau* **for Appellee**

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Tonia Dukes ("Dukes"), appeals the November 29, 2017 judgment of the Tiffin-Fostoria Municipal Court journalizing her theft conviction by a jury. For the reasons set forth below, we affirm the judgment of the trial court.

*Facts and Procedural History*

{¶2} On July 28, 2017, Elizabeth Miller ("Miller"), an "Asset Protection Associate" with Wal-Mart, observed Dukes, along with Lester Miller ("Lester"), exit the perfume aisle. Miller noticed several boxes of high-dollar perfume hidden under a pillow in the cart being pushed by Lester. Miller decided to follow Dukes and Lester throughout the store.

{¶3} Miller followed the couple to the boy's department. There, she observed Dukes remove the perfume from their boxes. Miller also observed another female, Kay Rauch ("Rauch"), join Dukes and Lester at this time. Miller saw Dukes remove four perfume bottles from their boxes and hand the bottles to Rauch. Rauch, in turn, concealed the perfume bottles into her purse.

{¶4} Thereafter, Miller followed Rauch throughout Wal-Mart, approaching her when Rauch passed the "last point of sale" near the grocery doors, identifying herself as Wal-Mart security. Rauch dropped her purse and ran from the store.

Thereupon, Miller contacted Tiffin Police Department to report the theft in which Dukes and Rauch were implicated.

{¶5} Ultimately, Dukes was charged with theft, in violation of R.C. 2913.02(A)(1), for her involvement with Rauch. Dukes pled not guilty to the charge in the trial court.

{¶6} On November 29, 2017, a jury trial was held in the trial court. Miller testified for the prosecution, along with Officer Kyle Illig. The testimony of Officer Illig included the statement he obtained from Rauch implicating Dukes in the theft. The state also introduced a video from Wal-Mart of the incident. Rauch testified in Duke's defense, testifying that she was "high on marijuana" at the time she gave her statement to the Tiffin officers that arrested her and Dukes at Wal-Mart. Rauch refuted her statement (given to police) at trial and testified that she was the sole person that took the perfume from Wal-Mart. Dukes did not testify. Ultimately, the jury found Dukes guilty of theft.

{¶7} The trial court sentenced Dukes to serve 180 days in jail and to pay a fine of $150.00, however, the trial court suspended 90 days of the jail time. The trial court also placed Dukes on probation for a period of three years.

{¶8} Dukes now appeals, asserting the following assignments of error.

## ASSIGNMENT OF ERROR NO. I

**THE TRIAL COURT ERRED BY MAKING A COMMENT TO THE JURY THAT WAS PREJUDICIAL AGAINST THE DEFENDANT.**

## ASSIGNMENT OF ERROR NO. II

**THE JURY ERRED BY CONVICTING THE DEFENDANT AGAINST THE MANIFEST WEIGHT OF TH EVIDENCE.**

{¶9} For ease of discussion, we elect to address the assignments of error out of the order in which they appear, addressing the second assignment of error first.

*Second Assignment of Error*

{¶10} In her second assignment of error, Dukes maintains that the jury's verdict convicting her of theft was against the manifest weight of the evidence because Rauch testified at trial that she alone committed the theft. Dukes further argues that she did not have possession of the perfume in question.

*Standard of Review*

{¶11} When determining whether a conviction is against the manifest weight of the evidence, we "will not reverse a conviction where there is substantial evidence upon which the court could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt". *State v. Eskridge*, 38 Ohio St.3d 56 (1988), at paragraph two of the syllabus.

{¶12} In reviewing whether a conviction is against the manifest weight of the evidence, a reviewing court must examine the entire record, "'[weigh] the

evidence and all inferences, consider the credibility of the witnesses and [determine] whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered'". *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1983). However, a reviewing court must allow the trier of fact the appropriate discretion on matters relating to the weight of the evidence and the credibility of the witnesses. *State v. DeHass*, 10 Ohio St.2d 230, 231 (1967).

*Analysis*

{¶13} R.C. 2913.02 states, in its pertinent part:

**(A)  No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:**

**(1)  Without the consent of the owner or person authorized to give consent;**

{¶14} In the case at hand, Dukes argues that the prosecution failed to prove that she "knowingly obtained or exerted control" over the perfume. Moreover, she contends that while Rauch was guilty of theft, Dukes, at best, could have only been convicted of complicity, but not the actual theft.

{¶15} In our review of the record, we find the following evidence was presented at trial. Elizabeth Miller, an Asset Protection Associate at Wal-Mart testified that while walking the floor at Wal-Mart, she observed Dukes and Lester

walk out of the perfume aisle with several high-dollar perfume bottles in their cart. Miller followed the two throughout the store, noticing that they stopped in the boys' department. There, Miller testified that she witnessed Dukes go "between two displays of jeans where she started to open some perfume". (Tr. 81). At this time, Rauch joined Dukes and Lester in the boys' wear department. Miller observed Dukes open the hard plastic containers (containing the perfume bottles) with a sharp object; remove the perfume from the hard plastic; remove the security tag from the bottles; and hand the bottles to Rauch, who concealed them in her purse. (Tr. 81-82). Miller also testified to the Wal-Mart video, (Exhibit D), which verified that Dukes and Rauch were together in the store.

{¶16} Tiffin police officer Illig testified that he interviewed Dukes after the theft. In her statement to Officer Illig, Dukes confirmed that Rauch was with her and Lester when they arrived at Wal-Mart. Officer Illig also testified that while he was conducting his investigation of the theft, an assisting Tiffin police officer located Rauch (who fled from the store after being confronted by Miller) in Wal-Mart's parking lot in a vehicle registered to Dukes' sister. Officer Illig further testified that Rauch admitted that Dukes' was a participant in the theft of perfume by stating "the lady gave me stuff to put in my bag". (Doc. 9). However, in Dukes' defense, Rauch testified that she was solely guilty of theft of the perfume bottles.

{**¶17**} "[A]n appellate court's function when reviewing the weight of the evidence is to determine whether the greater amount of credible evidence supports the verdict." *State v. Schaeffer*, 3d Dist. Seneca No. 13-14-34, 2015-Ohio-3531, ¶15, citing *Thompkins*. In reviewing whether the conviction was against the manifest weight of the evidence, the appellate court sits as a "thirteenth juror" and examines the conflicting testimony. *Id*. In doing so, this Court must review the entire record, weigh the evidence and all of the reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving conflicts in the evidence, the factfinder "'clearly lost its way and created such a manifest miscarriage of justice that a conviction must be reversed and a new trial ordered'". *State v. Holmes*, 3d Dist. Hancock No. 5-15-06, 2015-Ohio-5050, ¶46, quoting *Thompkins*.

{**¶18**} In the case *sub judice*, competent and credible evidence exists in the record to convict Dukes of theft. The jury chose to believe the testimony of Miller instead of the testimony of Rauch as to whether Dukes was a participant in the theft. Because the jury was in the best position to weigh the credibility of the witnesses, we find that the jury's verdict was not against the manifest weight of the evidence in light of Miller's testimony, Rauch's statement to police (at the scene), and the Wal-Mart video offered into evidence. Accordingly, Dukes' second assignment of error is overruled.

*First Assignment of Error*

{¶19} In her first assignment of error, Dukes contends that the trial court erred and she was prejudiced, when the trial court judge commented on the state's evidence. Specifically, the trial court made the following statement when ruling on Dukes objection to an exhibit (i.e. photograph) of the Wal-Mart perfume:

> **"Ladies and gentlemen, the argument, basically, revolves around Ms. Beckley saying, geez, why do we have pictures? Why don't we have the actual items? I don't know what the answer to that is. You don't know what it is. But I think a photograph of them is pretty good evidence. I suspect you'll want to cross-examine her, Ms. Miller a little bit more about that. While it's not ideal, it's okay. The objection will be overruled. And the jury will be permitted to see it."**

*Standard of Review*

{¶20} In *State v. Scott* (1986), 26 Ohio St.3d 92, 96, the Supreme Court of Ohio analyzed the comments of a trial judge to determine whether they were "prejudicial so as to require a mistrial," utilizing the following criteria: "(1) The burden of proof is placed upon the defendant to demonstrate prejudice, (2) it is presumed that the trial judge is in the best position to decide when a breach is committed and what corrective measures are called for, (3) the remarks are to be considered in light of the circumstances under which they were made, (4) consideration is to be given to their possible effect upon the jury, and (5) to their possible impairment of the effectiveness of counsel". *Id.* (quoting *State v. Wade* [1978], 53 Ohio St.2d 182, 188).

*Analysis*

**{¶21}** While the trial court should not have commented on what could be construed as the quality of the evidence, we find that the remark made by the trial judge to be harmless. Reviewing the criteria for determining prejudicial effect set forth by the Supreme Court and under the circumstances presented here, we find: that no one objected to the remark made by the trial judge; that Dukes has failed to demonstrate how she was prejudiced by the remark; that the remark, taken in context, was probably lightly considered by anyone, if at all; and, most importantly, the evidence of Dukes' involvement in the theft was overwhelming.

**{¶22}** Additionally, prior to the jury's deliberation, the trial court included in its instruction to the jury the following admonitions:

> **"Now, if during the course of the trial I said or did anything which you consider an indication of my views on the facts, you're instructed to disregard it. The Judge must be and sincerely desires to be impartial in presiding over this and every other trial before a jury and without a jury".** (Tr. 140-141).

**{¶23}** In this case, the trial judge's comments to the jury (when admitting a photograph into evidence) were not appropriate. However, we find no evidence that such comments influenced the jury on the *weight* of the evidence in light of the defense presented (that) Rauch, not Dukes, solely stole the perfume. Stated clearer, at no time was it disputed that perfume was the object involved in the theft. Hence, we cannot see how Dukes was prejudiced (as to the weight of the evidence) when

her defense was that Rauch alone stole the perfume. Thus, Duke's first assignment of error is not well taken and overruled.

{¶24} Having found no error prejudicial to the Appellant herein in the particulars assigned and argued, we affirm the Appellant's conviction in the trial court.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and SHAW, J., concur.**

**/jlr**